925 F.2d 490
 288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In re UNITED STATES of America, Petitioner.
 No. 90-5371.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 11, 1991.
 
 Before WALD, BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 After oral argument and upon consideration of the petition for a writ of mandamus, the response of the district court and the supplement thereto, the District of Columbia's answer, and the response of the plaintiffs, it is
 
 
 2
 ORDERED, for the reasons set forth in the accompanying memorandum, that the writ of mandamus be denied.
 
 MEMORANDUM
 
 3
 This petition arises out of litigation ongoing since 1976. On June 14, 1978, the district court granted plaintiffs' motion for a partial summary judgment and entered a consent decree governing virtually every aspect of the District of Columbia's operation of Forest Haven, an in-patient residence and primary care facility devoted to serving the severely retarded. Evans v. Washington, 459 F.Supp. 483 (D.D.C.1978). In 1981 and 1983, the district court entered consent orders reaffirming its 1978 order and further mandating the placement of all Forrest Haven Residents in community living arrangements by the end of fiscal year 1988.
 
 
 4
 On July 18, 1989, the United States filed a motion for a contempt judgment against the District for failure to comply with provisions of the consent orders regarding medical care, habilitation programs, staffing, and physical maintenance of the facility. In addition, private plaintiffs, a class of Forest Haven residents, contemporaneously moved that the District be held in contempt for violating the outplacement provisions of the consent orders.
 
 
 5
 On September 29, 1989, the district court held a hearing on these motions. The court denied both motions for contempt judgments "at least at the present." The court then directed the parties to negotiate a new consent order, and scheduled a hearing for January 29, 1990.
 
 
 6
 After the parties failed to agree to the terms of a new consent decree, the court ordered that the District be held in civil contempt and scheduled a hearing on sanctions for March 1, 1990. At the March 1 hearing, the court focused on two matters: 1) the District's failure to meet the outplacement schedules established in the consent orders, and 2) what sanctions, if any, were appropriate to compel the District to regain Forest Haven's Medicaid certification. The court declined to address alleged violations concerning medical care, habilitation programs, staffing, and maintenance.
 
 
 7
 By order filed April 9, 1990, the court set out a quarterly schedule for outplacement of all Forest Haven residents by September 30, 1991, established a system of fines for noncompliance, and held that the District's failure to regain Medicaid certification was not a violation of the consent orders.
 
 
 8
 On July 27, 1990, the United States again petitioned the district court to impose sanctions against the District of Columbia for violation of the provisions of the consent orders concerning medical care, habilitation programs, staffing, and physical maintenance. By September 18 of 1990, all briefing was complete in the action. The district court determined that imposition of sanctions against the allegedly bankrupt District government would be of little value and did not further act on petitioner's motion.
 
 
 9
 On November 14, 1990, the United States filed a petition for a writ of mandamus to compel the district court to act on the government's motion for a contempt judgment against the District for failure to comply with the consent orders. On November 26, 1990, a special panel of this court ordered the district court and the District of Columbia to respond to the petition within twenty-one days. Following their responses, oral argument was heard.
 
 II.
 
 10
 The United States seeks a writ of mandamus directing the district court to complete adjudication of the government's motion for contempt filed July 18, 1989, and its petitions for sanctions and injunctive relief filed July 27, 1990. The All Writs Act, 28 U.S.C. Sec. 1651(a) authorizes an appellate court to issue a writ of mandamus "to direct a district court to proceed to judgment in a pending case." Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662 (1978) (plurality opinion). Courts traditionally issue mandamus only in exceptional circumstances "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).
 
 
 11
 It is clear that "where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.' " Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62 (1978) (citation omitted). "As a means of implementing the rule that the writ will issue only in extraordinary circumstances, ... the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires, and ... [must] satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' " Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).
 
 
 12
 Although the district court states in its response to the petition for a writ of mandamus that the District has committed "all or most of the ... specific violations as claimed by [the United States]," we deny petitioner's request for a writ of mandamus. Petitioner has not met the criteria for this extraordinary writ to issue. See Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C.Cir.1984). Less than two months have elapsed between final briefing in petitioner's motion to impose sanctions against the District and its petition for a writ of mandamus. This short period of delay is not sufficient to establish that petitioner has a "clear and indisputable" right to issuance of the writ.
 
 
 13
 Nevertheless, we recognize that this is not an ordinary case. The district court specifically states that the District of Columbia is in violation of the medical provisions of the 1978 consent order, and petitioner's experts testify that the inadequacy of medical care at Forest Haven creates an undue risk of harm to residents. Although we understand that Forest Haven is scheduled to be closed by September of 1991, we are cognizant of the potential risks to residents in the interim. Thus, we are confident that the district court will act with all due haste in holding a hearing and issuing an appealable order. Should the district court fail to complete promptly the adjudication of this matter, the United States will be free to file a new petition.